UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUAN JOSE RIVERA,<br><br>          Plaintiff,<br><br>    v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>          Defendant. | Case No. 1:20-cv-00428-EPG<br><br>FINAL JUDGMENT AND ORDER REGARDING PLAINTIFF'S SOCIAL SECURITY COMPLAINT<br><br>(ECF Nos. 1, 16). |

This matter is before the Court on Plaintiff's complaint for judicial review of an unfavorable decision by the Commissioner of the Social Security Administration regarding his application for Supplemental Security Income. The parties have consented to entry of final judgment by the United States Magistrate Judge under the provisions of 28 U.S.C. § 636(c) with any appeal to the Court of Appeals for the Ninth Circuit. (ECF Nos. 6, 10, 11.)

Having reviewed the record, administrative transcript, the briefs of the parties, and the applicable law, the Court finds as follows:

**I.    ANALYSIS**

    **A.  Whether the ALJ Committed Error Regarding Plaintiff's Treating Physician**

Plaintiff argues that the ALJ committed legal error in failing to provide specific and legitimate reasons for discounting the opinion of Plaintiff's treating physician, Dr. Mariano. The Ninth Circuit has held the following regarding such opinion testimony:

///

1

> The medical opinion of a claimant's treating physician is given "controlling weight" so long as it "is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the claimant's] case record." 20 C.F.R. § 404.1527(c)(2). When a treating physician's opinion is not controlling, it is weighted according to factors such as the length of the treatment relationship and the frequency of examination, the nature and extent of the treatment relationship, supportability, consistency with the record, and specialization of the physician. *Id.* § 404.1527(c)(2)–(6).
>
> "To reject [the] uncontradicted opinion of a treating or examining doctor, an ALJ must state clear and convincing reasons that are supported by substantial evidence." *Ryan v. Comm'r of Soc. Sec.*, 528 F.3d 1194, 1198 (9th Cir. 2008) (alteration in original) (quoting *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005)). "If a treating or examining doctor's opinion is contradicted by another doctor's opinion, an ALJ may only reject it by providing specific and legitimate reasons that are supported by substantial evidence." *Id.* (quoting *Bayliss*, 427 F.3d at 1216); *see also Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998) ("[The] reasons for rejecting a treating doctor's credible opinion on disability are comparable to those required for rejecting a treating doctor's medical opinion."). "The ALJ can meet this burden by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989) (quoting *Cotton v. Bowen*, 799 F.2d 1403, 1408 (9th Cir. 1986)).

*Trevizo v. Berryhill*, 871 F.3d 664, 675 (9th Cir. 2017).[1] Here Dr. Mariano's opinion was contradicted by other doctors' opinions, most notably those of Dr. Moura and Dr. McDonald. The ALJ assigned great weight to the opinion of State agency medical consultant Dr. Moura, who concluded that Plaintiff "had mild restriction of activities of daily living, moderate difficulties in maintaining social functioning, moderate difficulties in maintaining concentration, persistence, or paced." (A.R. 34). And the ALJ assigned some weight to the opinion of Dr. McDonald, who completed a psychiatric evaluation on Plaintiff and concluded that "he has moderate limitations with concentration, persistence, or maintaining pace." (*Id.*). Such opinions of mild to moderate restrictions and difficulties contradict Dr. Mariano's opinion that Plaintiff "was permanently and totally disabled and unable to work to any extent despite treatment." (*Id.* at 31).

Accordingly, the Court reviews the ALJ's decision to see if she provided specific and legitimate reasons that are supported by substantial evidence for the weight given to Dr. Mariano's opinions. In this case, the ALJ ultimately assigned Dr. Mariano's opinion little weight,

---

[1] Because Plaintiff filed her application before March 27, 2017, 20 C.F.R. § 404.1527 applies in considering the weight given to her treating physician's opinion. For applications filed on or after March 27, 2017, 20 C.F.R. § 404.1520c applies in considering medical opinions; notably, no deference or specific evidentiary weight is given to medical opinions.

giving, in part, the following reasons for this conclusion:

> Little weight is assigned to the above noted opinion statements from Dr. Mariano from 2015 to 2018 in Exhibit 4F and 7F. Dr. Mariano had assigned Global Assessment of Functioning (GAF) scores ranging from 50 to 55. He also made a statement that the claimant was not gravely disabled (impaired by a mental illness to the point of being unable to have the basic needs met for food, clothing, and shelter). His prognosis was poor and he was permanently and totally disabled and unable to work to any extent despite treatment. He had a chronic academic handicap/disability and was unable to live independently. The claimant was unable to perform activities of daily living without supervision (Ex. 7F). This statement was made within examination records and did not change, despite the claimant's improvement over time, as documented in the objective examinations and as noted by his sister in Exhibit 13E. His opinion statements are inconsistent with most of the medical status examinations and appeared to be based off the report of the claimant. The claimant has not undergone extended hospitalization since June 2015 and had no inpatient treatment. He often described no hallucinations, delusions, ideas of reference, obsessions, or compulsive behaviors during examination. Even when hallucinations were noted, they were described as improved. The claimant also was frequently described as calm, cooperative, and friendly. He was sometimes sad, but more often than not, had a euthymic mood. He was oriented and had no suicidal or homicidal ideation. The claimant was also volunteering and was getting along with others at the place he volunteered. Moreover, it is noted than an opinion of disability is one typically reserved for the Commissioner. Therefore, I find little weight is assigned.

(A.R. 31.)

Plaintiff contends that the ALJ failed to cite specific and legitimate instances of sustained improvement in symptoms relative to Plaintiff's functional capacity for work tasks and that Dr. Mariano's opinion is not inconsistent with the record as a whole. (ECF No. 16, pp. 9-13.) In opposition, the Commissioner cites to portions of the record in arguing that the ALJ offered specific and legitimate reasons to assign Dr. Mariano's opinion little weight. (*See* ECF No. 19, pp. 18-21.) In reviewing the parties' arguments, the Court concludes that the ALJ gave specific and legitimate reasons, supported by substantial evidence in the record, for assigning Dr. Mariano's opinion little weight.

First, the ALJ noted that Dr. Mariano's own treatment records "described as improved" Plaintiff's hallucinations and noted that "claimant also was frequently described as calm, cooperative, and friendly." (A.R. 31). While this summary section of the opinion does not contain specific cites to the medical records indicating improvement, the ALJ's prior summary of the medical records in the opinion does. (*See e.g.,* A.R. 29 (noting medical record describing Plaintiff

as "much improved overall")). Moreover, on the broader issue of assigning little weight to Dr. Mariano's opinion, the ALJ provided specific reasons for this conclusion, e.g., inconsistencies between Dr. Mariano's opinion and the medical status reports, the same poor prognosis appearing repeatedly despite indications the Plaintiff was improving, and the lack of evidence in the medical record to indicate disability.

Such reasons are legitimate. It was proper for the ALJ to take issue with Dr. Mariano's conclusion that Plaintiff's "prognosis was poor and he was permanently and totally disabled and unable to work to any extent despite treatment," in light of the medical status notes showing that Plaintiff was not currently experiencing the same symptoms that had afflicted him before. (A.R. 31; *see* A.R. 522-25) (noting lack of hallucinations, delusions, obsessions, and compulsive behavior yet opining that Plaintiff was totally disabled)). Moreover, the ALJ noted that Dr. Mariano's opinion that Plaintiff "was unable to perform activities of daily living without supervision" contradicted notes reflecting that Plaintiff was able to undertake certain daily activities, such as the fact that he "was [] volunteering and was getting along with others at the place he volunteered." (A.R. 31).

In opposition to the ALJ's conclusions, Plaintiff argues that the ALJ improperly isolated certain instances showing improvement while ignoring the record as a whole, asserting that Plaintiff was still disabled despite any improvements that he made. (*See* ECF No. 16, pp. 10-11). However, it was legitimate to look at multiple examples of improvement in weighing the conflicting medical opinions. Moreover, the ALJ evaluated statements indicating improvement in the context of voluminous medical evidence and multiple medical opinions. For example, the ALJ noted that, prior to the alleged onset of disability, Plaintiff had been admitted to the hospital after a suicide attempt. (A.R. 25). He had been smoking methamphetamine, had poor insight and judgment, and alleged auditory hallucinations of commanding type. (*Id.*). After the alleged onset of disability, medical records often included statements indicating progress, such as noting that "[h]e was much improved overall." (A.R. 28; *see* A.R. 29, 31). And medical examinations generally indicated that Plaintiff had only moderate symptoms and limitations. (*See* A.R. 373, 411, 508, 522, 557, 572, 580). Moreover, opinions from doctors other than Mr. Mariano, such as

that of Dr. Moura, indicated that Plaintiff had moderate symptoms and could interact with peers and supervisors, which was consistent with Plaintiff's demonstrated abilities, such as the fact that he volunteered at Oak Wellness Program. (A.R. 29, 34).

Accordingly, the Court concludes that the ALJ provided specific and legitimate reasons, supported by substantial evidence, for assigning little weight to Dr. Mariano's opinion.

**B. Whether the ALJ Improperly Rejected Plaintiff's Subjective Complaints**

Plaintiff next argues that the ALJ failed to offer any reason for rejecting his subjective complaints. (ECF No. 16, p. 13-15). The Ninth Circuit has provided the following guidance regarding a Plaintiff's subjective complaints:

> Once the claimant produces medical evidence of an underlying impairment, the Commissioner may not discredit the claimant's testimony as to subjective symptoms merely because they are unsupported by objective evidence. *Bunnell v. Sullivan*, 947 F.2d 341, 343 (9th Cir. 1991) (en banc); *see also Cotton v. Bowen,* 799 F.2d 1403, 1407 (9th Cir. 1986) ("it is improper as a matter of law to discredit excess pain testimony solely on the ground that it is not fully corroborated by objective medical findings"). Unless there is affirmative evidence showing that the claimant is malingering, the Commissioner's reasons for rejecting the claimant's testimony must be "clear and convincing." *Swenson v. Sullivan,* 876 F.2d 683, 687 (9th Cir. 1989). General findings are insufficient; rather, the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints.

*Lester v. Chater,* 81 F.3d 821, 834 (9th Cir. 1995), *as amended* (Apr. 9, 1996).

The ALJ stated as follows regarding Plaintiff's subjective complaints:

> After careful consideration of the evidence, the undersigned finds that the claimant's medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record for the reasons explained in this decision.

(A.R. 25).

Because the ALJ found that Plaintiff's impairments could reasonably be expected to cause his alleged symptoms and did not find malingering, the ALJ was required to provide clear and convincing reasons to reject Plaintiff's testimony.

The Court agrees with Plaintiff that the single paragraph cited above is insufficient to support the ALJ's finding regarding Plaintiff's subjective symptom testimony. However, the rest of the ALJ's opinion providing sufficient reasoning for this finding.

In summarizing the medical record, the ALJ quoted specific statements made by Plaintiff in the medical record that appeared to show greater function than he had claimed, including:

> On January 5, 2016, the claimant treated at kings View Counseling Services and was "*doing a lot better*" and he had more energy. He could focus better on tasks and his appetite had improved. He stopped using methamphetamines and marijuana. He denied anger as a problem and stated he was calm now. He could sleep well . . . . The claimant had no suicidal or homicidal ideation. He had no hallucinations, delusions, ideas of reference, obsessions, or compulsions noted. He had good insight . . . .
>
> Thereafter, on February 29, 2016, the claimant treated at Kings View Counseling Services. He had been *feeling better* but sleeping too much. He could think more clearly then when compared to his last appointment. He started working out which included lifting weights three to four times per week. He went out of the house a few hours to walk, three to four days per week . . . On examination he was passive . . . .
>
> On May 31, 2016, the claimant treated at Kings View Counseling Services and reported "*he is doing better*."
>
> . . . .
>
> On February 21, 2017, the claimant was "doing good" and was participating in the Oak Wellness Center two times per week. He will go out shopping with his mother and go to doctor's appointments. He goes out with his sisters. On examination, he had fair personal hygiene. The claimant was *calm, cooperative*, and *friendly* in manner.

(A.R. 26-28). In these, and other explanations of the record, the ALJ noted Plaintiff's comments and italicized portions of those statements that appeared inconsistent with Plaintiff's claim of disability. With this emphasis, the ALJ indicated the specific comments that appeared inconsistent with Plaintiff's claims. While these references alone are not sufficient to make a determination of disability, they are sufficient to support the ALJ's finding that "claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record." (A.R. 25).

## II.  CONCLUSION AND ORDER

In light of the foregoing, the Court finds that the decision of the Commissioner of Social Security is supported by substantial evidence, and the same is hereby affirmed.

The Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

Dated: __**June 25, 2021**__  /s/ Eric P. Groj
UNITED STATES MAGISTRATE JUDGE